**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 15-cr-277-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOHN MICHAEL ASKINS,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, and the Defendant, John Michael Askins, personally and by counsel, Brian R. Leedy, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. hereby submit the following Plea Agreement and Statement of Facts Relevant to Sentencing.

### I.    PLEA AGREEMENT

The defendant agrees to plead guilty to Count 1 of the Indictment, charging a violation of Title 26, United States Code, Section 7206(1), Willfully Filing a False Tax Return.

The defendant agrees that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this agreement or any other time period, and he agrees that this agreement, or any judgment, order, release,

-1-

COURT EXHIBIT 1

or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period. The defendant also agrees to file complete and accurate tax returns for any outstanding tax years.

The government agrees to not file any additional charges against the defendant based on the information presently known to the government. In addition, the government agrees that at the time of sentencing it will move to dismiss the remaining counts in the Indictment. Provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the government agrees to recommend a three-level reduction for acceptance of responsibility.

The government agrees not to object to a one level variance in exchange for Mr. Askins waiver of his appellate rights as detailed below.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 12; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly

-2-

available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective *assistance of counsel; or* (3) the defendant was prejudiced by prosecutorial misconduct.

## II.   **ELEMENTS OF THE OFFENSES**

In order to be convicted of a violation of 26 U.S.C. § 7206(1), the United States must prove the following elements:

*First*:  the defendant signed an income tax return that contained a written declaration that it was made under the penalties of perjury;

*Second*:  the return contained a false statement in that it failed to report a significant portion of the defendant's income;

*Third*:  the defendant knew that statement was false;

*Fourth*:  the defendant acted willfully, that is, with the voluntary intent to violate a known legal duty; and

*Fifth:*  the statement was material.

*Tenth Circuit Pattern Jury Instructions (Criminal Cases)*, § 2.93 (2011 ed.); *United States v. Winchell,* 129 F.3d 1093, 1097 (10th Cir. 1997).

## III.   **STATUTORY PENALTIES**

The maximum statutory penalty for a conviction of Title 26, United States Code, Section 7206(1) is not more than three years imprisonment; a fine of not more than $250,000; costs of prosecution; not more than one year supervised release; and a $100 Special Assessment.  If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

### IV.   COLLATERAL CONSEQUENCES

The conviction may further cause the loss of certain civil rights, including, but not limited to, the right to possess a firearm, vote, hold elected office, and sit on a jury

### V.   STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began was in October

of 2011.

The defendant owns three Service Master carpet cleaning franchises in the Denver area. In October 2011, the Internal Revenue Service, Criminal Investigations (IRS-CI) received a referral from the Small Business/Self Employed Section of the IRS regarding the defendant.  The referral arose as a result of an audit of the defendant's 2007 through 2009 personal tax returns.  These returns were prepared by CPA Kevin Wilson based upon profit and loss statements for the defendant's Service Master businesses, mortgage interest statements, and information about rental property owned by the defendant. CPA Wilson did not review any bank statements in preparing the returns. The defendant reviewed the prepared returns and on more than one occasion told CPA Wilson that the return at issue was not correct because he did not make that much net income. CPA Wilson made the changes requested by the defendant and provided the corrected returns to the defendant for his signature and filing.

The defendant received an extension to file his 2010 return by October 15, 2011, however, he sent a profit and loss statement to CPA Wilson for tax year 2010 after the extension period had expired. CPA Wilson contacted the defendant numerous times about completing the 2010 return, but the defendant never returned Wilson's calls, and he never filed a 2010 return.

The defendant was interviewed by a revenue agent in connection with his audit and ultimately  admitted that he knew the income as reflected on his returns was understated and explained his returns reflected what he believed he could afford to pay in taxes for each year in question.

IRS-CI Special Agent Tim Chase employed a bank deposit analysis of the defendant's Service Master business bank accounts. He determined that the defendant

underreported his income by $33,762.13 for 2007, $127,472.36 for 2008, and $153,577.45 for 2009. The government asserts that this resulted in a tax loss of $9,453.39 for 2007, $35,692.26 for 2008, and $43,001.68 for 2009.[1] As for the defendant's failure to file for the year 2010, his gross receipts for this year amounted to $213,041.34. However, the defendant did not provide any books or records regarding 2010 business transactions, deductions, or expenses. A review of the business bank records summonsed in the audit process did not allow for a determination of an exact tax amount due for this year. Therefore, using the applicable tax rate of 20%, the government asserts that the tax loss for the defendant's failure to file for 2010 was $42,608.26. The total tax loss for all four counts charged in the Indictment is $130,755.59.

## VI.    SENTENCING COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.    The appropriate Guideline is §2T1.1. The base offense level is 16 pursuant to §2T4.1 (tax loss of more than $80,000 but less than $200,000).[2]

---

[1] Mr. Askins reserves the right to contest the computation of tax loss asserted by the government herein.
[2] Mr. Askins reserves the right to contest this base offense level.

-6-

B.     There are no victim-related, role-in-offense, obstruction, or multiple-count adjustments.

C.     The adjusted offense level is therefore 16.

D.     Pursuant to §3E1.1(a) and (b), provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the defendant should receive the full three-level reduction for acceptance of responsibility.  The resulting total offense level would be 13.

E.     The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is ultimately determined by the Court. The information known to the parties shows that the defendant has no prior criminal history.  The defendant's criminal history category is therefore tentatively estimated to be Category I.

F.     Assuming the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

G.     The guideline range resulting from the estimated total offense level of 13, and the tentative Criminal History Category I, is 12-18 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level could conceivably result in a range from 12 months (bottom of Category I) to 41 months (top of Category VI).  After a one level downward variance for the appellate waiver, the offense level would be 12, and the advisory guideline range would be 10-16 months, based on a criminal history category of I.

H.     Pursuant to guideline §5E1.2, assuming the parties' estimated offense level of 13 is accurate, the fine range for this offense would be between $3,000 and

$30,000, plus applicable interest and penalties.

I.   Pursuant to §5D1.2(a)(3), if the court imposes a term of supervised release, that term shall be not more than one year. The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

J.   The government asserts that restitution should be made to the IRS at the time in  the amount of $130,755.59.[3]

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the  defendant

---

[3] Mr. Askins reserves the right to contest this amount of restitution.

-8-

has relied, or is relying, on any terms, promises, conditions, or assurances not expressly
stated in this agreement.

Date: 10/21/15

Michael Askins
Defendant

Date: 10/2/15

Brian R. Leedy
Attorney for Defendant

Date: 10/21/15

Martha A. Paluch
Assistant U.S. Attorney