IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00277-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN MICHAEL ASKINS,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A VARIANT SENTENCE [DOC. 29]**

---

    The United States of America, by and through Martha A. Paluch, Assistant United States Attorney, hereby responds to Defendant's Motion for a Variant Sentence, Doc. 29.

    1. The defendant requests that the Court impose the variant sentence as recommended by the probation office: a three-year term of probation, with a six-month term of home confinement. The defendant does not contest the restitution amount of $130,755.59. Doc. 29 at 1. This sentence would be achieved by granting the defendant's unopposed motion for a one-level departure in exchange for the waiver of his appellate rights (Doc. 28), and granting an additional one-level variance in his offense level, to a level 11. An adjusted offense level of 11 would place the defendant's advisory guideline range in Zone B (8-14 months), allowing for a probationary sentence.

    2. While not agreeing with all of the grounds for the defendant's request, the government does not oppose the defendant's motion for a one-level variance (in

1

addition to the one-level departure addressed in Doc. 28), but recommends a sentence of credit for time served,[1] a one-year period of supervised release with a special condition of a ten-month period of home confinement, and that the defendant be ordered to pay the IRS $132,755.59 in restitution, along with the $100 special assessment fee.

3.  The defendant argues the Court should grant his motion for a variant sentence, in part, due to the fact the Sentencing Commission allegedly failed to rely on empirical data in promulgating or amending U.S.S.G. §§ 2T1.1 and 2T4.1.  Doc. 29 at 4-8.  The government agrees that a lack of empirical data is "one factor that a district court [can] consider in exercising its post-*Booker* right to depart from the guidelines."  *United States v. Snipes,* 611 F.3d 855, 870 (11th Cir. 2010) (citing *Kimbrough v. United States,* 552 U.S. 85, 109-110 (2007)).  However, the lack of empirical data does not require "the wholesale invalidation of sentencing guidelines."  *Snipes,* 611 F.3d at 870.  Moreover, the court in *Snipes* rejected the defendant's contention that the Sentencing Commission "performed no empirical analysis when it increased sentences for tax offenses."  *Id.* (citing Sentencing Commission Supplementary Report and legislative history).

4.  Instead, the government agrees with the defendant that an analysis of the factors set forth in 18 U.S.C. § 3553(a) support his request for a one-level variance.

5.  To begin, the defendant finds himself in this situation due to the fact he and his wife decided to live "way above their means," and the defendant did not "report and pay his taxes correctly."  Doc 31, Presentence Investigation Report (PSI), at 4, ¶ 12.  The defendant's "shockingly disorganized" business practices clearly contributed to his current predicament.  *Id.* at R-5.  Arguments advanced in defendant's

---

[1]  DOJ policy precludes undersigned counsel from recommending a probationary sentence.

motion for a variant sentence as well as the summary of expenses set forth in Attachment A thereto support this assertion.  Nonetheless, the defendant readily admitted, and the evidence established, that rather than seeking advice from CPA Kevin Wilson or anyone else about his tax obligations, or even filing the returns as prepared by CPA Wilson, the defendant deliberately chose to pay less in taxes than he knew he owed.

6.  The government shares the probation officer's concern that the defendant "does not currently have a system in place to document his business expenses," and the fact his failure to remedy this situation "will likely result in similar financial issues in the future." PSI at 9, ¶ 50 and at R-5.  However, the government is reassured by the fact the defendant now reports that he is working with an accountant to maintain accurate business records.  Doc. 29 at 4.  Hopefully, the instant case has imparted upon this defendant the importance of documenting his business income and expenses and accurately reporting those figures to the IRS.  In addition, certain of the special conditions of supervision recommend by the probation office are tailored to assist the defendant in managing his financial affairs, remaining compliant with IRS laws, and repaying the restitution due in this case.  *See* PSI at R-4, Conditions 3 through 9.

7.  The government took into account the nature and circumstances of the instant offense, to include the fact the defendant has pled guilty to willfully filing his own false tax return rather than engaging in tax evasion or preparing false tax returns for others.  In addition, the defendant readily accepted responsibility for his conduct, both to the IRS auditors and to this Court.

8.  As the defendant points out, he has zero criminal history points and has not

3

engaged in any other criminal conduct since filing the false returns at issue in this case. Doc. 29 at 10-12.  For these reasons, the government agrees with the defendant that he poses a very low risk of recidivism and there does not appear to be a need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(C).

9.  As to deterrence, the government submits that the lifelong consequences of a felony conviction and a sentence of one year of supervised release with a ten-month sentence of home confinement affords adequate deterrence to this defendant and other individuals tempted to falsely report their income.  Placing the defendant on home confinement for ten months – two months more than the low end of a variant guideline range of eight months – will serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for this offense.  18 U.S.C. § 3553(a)(2)(A).  Because these goals can be achieved through the restrictions that come with home confinement, a custodial sentence does not appear warranted after consideration of all of the facts of this case and the history and characteristics of this defendant.

**Special Conditions**

10.  One of the defendant's special conditions is that he "not frequent places where controlled substances are illegally sold, *used,* distributed, or administered."  PSI at R-3, Condition 8 (emphasis added).  The probation officer noted that one of the defendant's sons lives in a rental home on the defendant's property and smokes marijuana.  PSI at 7, ¶ 36.  The government requests that the Court discuss the special condition noted above with the defendant at sentencing to ensure he understands his son's use of marijuana could interfere with the defendant's ability to remain compliant

4

with this condition if the defendant frequents the rental home on his property.

                Respectfully submitted,

                *s/ Martha A. Paluch*
                Martha A. Paluch
                Assistant U.S. Attorney
                United States Attorney's Office
                1225 17th Street, Suite 700
                Denver, CO  80202
                (303) 454-0100
                Martha.paluch@usdoj.gov

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of January, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

Brian R. Leedy
Assistant Federal Public Defender
Attorney for Defendant John Michael Askins
633 17th Street, Suite 1000
Denver, CO  80202
(303) 294-7002
Brian_Leedy@fd.org.

Michelle D. Means
U.S. Probation Officer
1929 Stout Street, Suite C-120
Denver, CO  80294
(303) 335-2509
Michelle_means@cod.uscourts.gov

                                                        s/ *Mariah Tracy*
                                                        MARIAH TRACY
                                                        Legal Assistant
                                                        U.S. Attorney's Office
                                                        1225 17th St., Suite 700
                                                        Denver, CO  80202
                                                        Telephone:  (303) 454-0100
                                                        Fax:  (303) 454-0401
                                                        e-mail: Mariah.Tracy@usdoj.gov